1
2
3
4
5
6         **UNITED STATES DISTRICT COURT**
7        **SOUTHERN DISTRICT OF CALIFORNIA**
8

| | |
|---|---|
| TIMOTHY SAWYER, | Case No.:  21-CV-58 TWR (BLM) |
| Petitioner, | **ORDER:** |
| v. | |
| ROBERT BURTON, Warden, et al., | **(1) GRANTING IN PART AND DENYING IN PART RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 7);** |
| Respondents. | **(2) DISMISSING PETITION; AND** |
| | **(3) GRANTING A CERTIFICATE OF APPEALABILITY** |

Timothy Sawyer ("Petitioner") is a state prisoner proceeding pro se with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner alleges violations of the due process, equal protection, and cruel and unusual punishment clauses of the federal Constitution arising from the state court denial of his petition for recall of his commitment, resentencing/modification of his judgment and dismissal of prior convictions pursuant to Cal. Penal Code §§ 1170(d) and 1016.8 and due to alleged breach of contract.  (*Id.* at 6-7, 21-23.)   Respondent has filed a motion to dismiss, asserting the Petition is untimely and not cognizable on federal habeas review.  (ECF No. 7.)

The Court has read and considered the Petition (ECF No. 1), the Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion to Dismiss (ECF Nos. 7, 7-10), the lodgments filed in this case (ECF Nos. 7-1 through 7-9), the Opposition to the Motion to Dismiss (ECF No. 8) and the arguments presented by both parties.  For

the reasons discussed below, the Court **GRANTS** in part and **DENIES** in part Respondent's motion to dismiss (ECF No. 7), **DISMISSES** the Petition, and **GRANTS** a Certificate of Appealability.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

In April 1998, Petitioner was sentenced to 74 years to life in San Diego Superior Court case number SCE 183626 for convictions of corporal injury to a spouse, negligent discharge of a firearm, and possession of a firearm by a felon, in addition to five prior felony convictions.  (ECF No. 1 at 37, *see also* CT 197, 227, ECF No. 7-2 at 205, 235.)

Petitioner appealed the judgment in case number SCE 183626 to the California Court of Appeal; apart from issuing a correction to the abstract of judgment to reflect the finding of four enhancements due to prior felony convictions rather than five, the state appellate court affirmed the judgment on July 16, 1999.  (ECF No. 7-1.)  On September 29, 1999, the California Supreme Court summarily denied a petition for review.  (ECF No. 7-4.)

In June 2000, Petitioner was sentenced to 49 years to life in San Diego Superior Court case number SCE 201397 for convictions of robbery and possession of a firearm by a felon, in addition to enhancements for weapon use and prior convictions.  (*See* ECF No. 1 at 48-49.)

On July 31, 2000, Petitioner initiated a federal habeas action in this district and filed a First Amended Petition ("FAP") on December 5, 2000, in which he challenged his conviction in SCE 183626, alleging: (1) error in the trial court's exclusion of evidence; (2) jury instructional error and (3) cumulative error.  (*See* ECF Nos. 1, 8 in So. Dist. Ca. Case No. 00cv1601-K-JFS.)  On August 26, 2002, the assigned Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of the FAP with prejudice.  (*See* ECF No. 26 in So. Dist. Ca. Case No. 00cv1601-K-JFS.)  In an October 23, 2002 Order, the Court adopted the R&R, denied the FAP with prejudice and entered judgment accordingly.  (*See* ECF Nos. 27, 28 in So. Dist. Ca. Case No. 00cv1601-K-JFS.)

On June 10, 2020, Petitioner filed a petition in the San Diego Superior Court seeking recall and resentencing in SCE 183626 with respect to the prior conviction enhancements

("recall/resentencing petition"), which was denied on July 13, 2020.  (ECF Nos. 7-5, 7-6.)  On September 4, 2020, the California Court of Appeal dismissed the appeal after finding the superior court's order was not appealable.  (ECF No. 7-7.)  On October 4, 2020, Petitioner filed a petition for review in the California Supreme Court, which the state supreme court summarily denied on November 10, 2020.  (ECF Nos. 7-8, 7-9.)

In the instant Petition, Petitioner alleges federal Constitutional violations arising from the state court denial of his recall/resentencing petition.[1]  (ECF No. 1 at 6-7, 21-23.)  Respondent moves to dismiss the Petition as barred by the one-year federal statute of limitations and "because the claims seek noncognizable relief for already served terms based on plea-bargained convictions."  (ECF No. 7 at 1.)

## II.   JUDGMENT CHALLENGED IN INSTANT FEDERAL PETITION

As an initial matter, the Court resolves what may be a lack of clarity as to which judgment Petitioner intends to challenge in the instant federal Petition, as a Petitioner may not challenge more than one judgment in a single habeas corpus petition brought pursuant to 28 U.S.C. § 2254.  *See* Rule 2(e), Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254.  In the Petition, Petitioner references an April 2000 San Diego County Superior Court judgment in case number SCE 201397 for robbery in violation of Cal. Penal Code § 211 and for possession of a firearm by a felon in violation of Cal. Penal Code § 12021,

---

[1] While neither party recognized or acknowledged Petitioner filed a prior challenge to his 1998 judgment, to the extent there is a question of whether the instant Petition is therefore also subject to dismissal as second or successive, the Court notes the Ninth Circuit has previously held that a petition challenging the denial of a state court resentencing petition on due process grounds was not a second or successive petition.  *See Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017).  The *Clayton* Court reasoned that "under California law, a resentencing petition does not challenge the underlying conviction or sentence; rather, it seeks to obtain the benefits of [a new state law] and results in the entry of a new appealable order or judgment," noting the denial of such a petition "therefore constitutes a new judgment."  *Id.* at 844.  In view of *Clayton*, the Court is not persuaded the instant federal Petition is second or successive, given the two claims raised in the Petition allege federal error arising from the state court's denial of Petitioner's recall/resentencing petition.

along with a sentence of 74 years to life.  (*See* ECF No. 1 at 1.)  Petitioner also references "current convictions" for negligent discharge of a firearm, robbery and possession of a firearm by a felon and "prior convictions" for robbery and grand theft with a firearm.  (*Id.* at 30.)  Yet, as noted above, Petitioner's sentence in case number SCE 201397 was issued in June 2000 and he was sentenced to 49 years to life (*id.* at 48-49), while Petitioner's sentence for the earlier and separate conviction in San Diego Superior Court case number SCE 183626 for corporal injury to a spouse, negligent discharge of a firearm, possession of a firearm by a felon, and four prior felony convictions was issued in April 1998 and resulted in a sentence of 74 years to life.  (*See id.* at 34-37.)

Petitioner indicates he previously raised the only two grounds for relief presented in the instant Petition, "PC 1170(d) (Recall Commitment/Resentencing)" [sic] and "PC 1016.8 (Modify Judgement/Priors)" [sic], in the California Court of Appeal in case number D077830, which the appellate court denied on September 4, 2020.  (*See* ECF No. 1 at 2.)  Petitioner also indicates he previously raised the same two issues in the California Supreme Court in case number S264930, which the state supreme court denied on November 10, 2020.  (*Id.* at 2, 6-7.)  Upon review, Petitioner's recall/resentencing petition filed in San Diego County Superior Court lists SCE 183626, and not SCE 201397, as the conviction and sentence at issue.  (*See* ECF No. 7-5 at 2.)  Additionally, the state appellate court's order dismissing the appeal lists case number SCE 183626, and not SCE 201397, as the relevant conviction and sentence in that action.  (*See* ECF No. 1 at 35; *see also* ECF No. 7-7 at 2.)  In the petition for review filed in the California Supreme Court, Petitioner again listed D077830 as the relevant appellate court case number and SCE 183626 as the relevant San Diego Superior Court conviction and judgment, and did not list or reference SCE 201397.  (*See* ECF No. 7-8 at 2.)

As noted above, the two grounds for relief presented in the instant Petition were only presented in state court as challenges to the state court denial of the recall/resentencing petition with respect to Petitioner's 1998 conviction and judgment in SCE 183626, and do not appear to have ever been raised in connection with the conviction and judgment in SCE

201397.  Moreover, the federal Petition specifically articulates the sentence at issue is Petitioner's 74 years to life sentence, which again was issued in SCE 183626, not in SCE 201397.  (*See id.* at 1, 36-37, 48-49.)

Meanwhile, Respondent's motion to dismiss fails to address or even mention Petitioner's conviction and judgment in San Diego Superior Court case number SCE 201397; instead, it only addresses Petitioner's conviction and judgment in San Diego Superior Court case number SCE 183626.  (*See e.g.* ECF No. 7-10 at 2-3.)  Respondent has filed nine lodgments in support of the motion to dismiss which also relate solely to Petitioner's judgment and appeal of judgment in San Diego Superior Court case number SCE 183626.  (*See* ECF Nos. 7-1 through 7-9.)  Additionally, in the opposition to Respondent's motion to dismiss, Petitioner "admits he's been adjudicated via conviction/sentence under statutes Penal Codes 273.5; 246.3; 12021; 12022.5; 12022.7 (i.e. Personal Use Firearm to Inflict Bodily Injury on Spouse; Gross Negligence [sic] Discharge of Firearm with Great Body Injury; and Ex-Felon Possession of a Gun)" and that he "was sentenced to 74-years to life via 3-Strikes Law Penal Code 667(b)-(i)."  (ECF No. 8 at 2 (emphasis omitted).)

Accordingly, because Petitioner clearly intends to challenge the denial of the state court recall/resentencing petition with respect to his sentence of 74 years to life, and because the grounds for relief raised in the instant Petition were presented in the state appellate and supreme courts as challenges to the denial of recall/resentencing as to Petitioner's 1998 conviction and sentence and not to his 2000 conviction and sentence, the Court construes the instant Petition as challenging the state superior court's July 13, 2020 denial of Petitioner's recall/resentencing petition with respect to the 1998 conviction and judgment in case number SCE 183626.[2]

---

[2] Were the Court to construe the instant Petition as challenging Petitioner's 2000 judgment in case SCE 201397 or denial of resentencing as to that judgment, if he has in fact brought one in state court, it appears the Petition would be subject to dismissal for failure to exhaust and lack of a factual basis.  This is because the two grounds for relief presented in the

III.   **DISCUSSION**

Respondent has filed a motion to dismiss "because [the Petition] is barred by the one-year federal statute of limitations and because the claims seek noncognizable relief for already served terms based on plea-bargained convictions." (ECF No. 7 at 1.) As discussed below, the Petition is not untimely and as such does not warrant dismissal on those grounds but the Petition does warrant dismissal based on noncognizability.

A.   **Statute of Limitations**

Respondent first contends the Petition is untimely and dismissal is required, asserting Petitioner's conviction became final in 1999 and there are no grounds for either statutory or equitable tolling sufficient to render the Petition timely. (ECF No. 7-10 at 4.) However, upon review, the Court is not persuaded the Petition is untimely given that the two claims presented challenge the state superior court's July 2020 denial of Petitioner's recall/resentencing petition, rather than Petitioner's 1998 judgment itself.

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

instant Petition have only been raised in state court as a recall/resentencing petition with respect to Petitioner's 1998 judgment in case number SCE 183626, as noted above.  Again, Petitioner does not appear to have presented any recall/resentencing petition with respect to his 2000 judgment either here or in state court.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The Ninth Circuit has held that a petition challenging the denial of a state court resentencing petition on due process grounds was not a second or successive petition, reasoning that "under California law, a resentencing petition does not challenge the underlying conviction or sentence; rather, it seeks to obtain the benefits of [a new state law] and results in the entry of a new appealable order or judgment," and as such, the denial of such a petition "therefore constitutes a new judgment." *Clayton*, 868 F.3d at 843-44.

Because the July 13, 2020 state superior court denial of the recall/resentencing petition constitutes a "new judgment" under *Clayton*, upon application of section 2244(d)(1)(A), it is apparent the one-year limitation period did not begin to run until that new judgment became final by the conclusion of direct review, that is, after the California Supreme Court's November 10, 2020 denial of the petition for review.  Thus, because Petitioner filed his federal Petition challenging the state court denial of the recall/resentencing petition on January 11, 2021, well within a year of the date the judgment became final by the conclusion of direct review, the Petition is timely.[3] Accordingly, the Court **DENIES** Respondent's motion to dismiss the Petition based on the statute of limitations.

**B.**   **Cognizability of Claims**

Respondent also asserts the Petition should be dismissed because the claims challenge his prior convictions used to enhance his current sentence, specifically the plea bargains which resulted in those convictions, and as such are not cogniziable under the Supreme Court's holding in *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394,

---

[3] Because the Court finds the Petition is timely under 28 U.S.C. § 2244(d)(1)(A), it is unnecessary to consider Petitioner's assertion he is entitled to statutory and/or equitable tolling.  (*See* ECF No. 8 at 3-5.)

402-04 (2001).  (ECF No. 7-10 at 6-7.)

In Ground One of the Petition, Petitioner asserts a federal due process violation arising from the state court denial of his recall/resentencing petition, citing Cal. Penal Code § 1170(d) and the Fifth and Fourteenth Amendments to the federal Constitution.  (ECF No. 1 at 6.)  In Ground Two, Petitioner asserts a federal due process violation arising from the state court denial of modification of his judgment and refusal to dismiss his prior convictions based on breach of contract, citing Cal. Penal Code § 1016.8 and the Fifth and Fourteenth Amendments to the federal Constitution.  (*Id.* at 7.)  Petitioner also contends the state court denial of his resentencing petition constitutes an abuse of discretion, violates equal protection, and amounts to cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the federal Constitution.  (*Id.* at 21-23.)

To the exent Petitioner challenges the correctness of the state court's application of state law in concluding he was ineligible for resentencing, his arguments are not cognizable on federal habeas review because they are based entirely on the interpretation and application of state law.  *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Rhoades v. Henry*, 611 F.3d 1133, 1142 (9th Cir. 2010) ("[V]iolations of state law are not cognizable on federal habeas review.")  Indeed, the Supreme Court "ha[s] repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."  *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (citing *McGuire*, 502 U.S. at 67-68; *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975)).

In a July 13, 2020 order, the San Diego County Superior Court denied Petitioner's recall/resentencing petition, stating Petitioner "has not shown how Penal Code section 1016.8 is applicable to his case, as the [Petitioner] has not shown that he entered into plea agreements that required him to waive future benefits of changes in the law that would apply retroactively," that "[t]he enactment of the Three Strikes law did not provide the [Petitioner] with a benefit," and concluding "Penal Code section 1016.8 is not relevant to

the issue raised by [Petitioner]."  (ECF No. 7-6 at 3.)  The state appellate court dismissed Petitioner's appeal of that order, stating "[t]he right of appeal is statutory and a judgment or order is not appealable unless expressly made so by statute," and "[w]here, as here, the trial court did not have jurisdiction to modify the [petitioner's] sentence, the court's order denying resentencing is not an appealable order."  (ECF No. 7-7 at 2 (citations omitted).) The state court's conclusion the statute in question, Cal. Penal Code § 1016.8(b) (stating that "[a] provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy"), did not apply to Petitioner's judgment is not cognizable on federal habeas review because the decision was based solely on the state court's application of state law.[4]  *See McGuire*, 502 U.S. at 67-68; *see also Rhoades*, 611 F.3d at 1142.

That said, a petitioner's contention that the trial court's sentencing decision in his case violated his federal constitutional rights could prove cognizable on federal habeas review.  This is because a state court sentencing error can present a cognizable federal claim if the state court decision was "so arbitrary or capricious" that it "constitute[d] an independent due process . . . violation."  *Richmond v. Lewis*, 506 U.S. 40, 50 (1992) ("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the

---

[4] Upon review of the recall/resentencing petition filed in the state superior court, Petitioner did not raise or mention Cal. Penal Code § 1170(d), which provides for recall and resentencing of determinate sentences under certain circumstances and includes judgments entered pursuant to plea agreements.  Petitioner attached to the recall/resentencing petition a 2013 state superior court order denying his request for sentence modification brought pursuant to Cal. Penal Code § 1170.126 (*see* ECF No. 7-5 at 11-12), which provides for recall and modification of indeterminate sentences under certain circumstances.  To the extent the Court could construe the instant Petition as contesting the state court's rejection of Petitioner's request for sentencing modification under Cal. Penal Code § 1170.126, any such claim is also not cognizable on federal review because the state court decision was again based solely on the state court's application of state law.  *See id.*; *see McGuire*, 502 U.S. at 67-68; *see also Rhoades*, 611 F.3d at 1142.

state sentencer committed state-law error," but instead, whether the state court decision was "'so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation.'") (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1994)).  However, the mere mention of federal constitutional guarantees such as due process, equal protection, or cruel and unusual punishment, cannot "transform" a state law issue into a claim of federal error.  *See e.g.*, *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) ("Langford may not, however, transform a state-law issue into a federal one merely by asserting a violation of due process. We accept a state court's interpretation of state law, and alleged errors in the application of state law are not cognizable in federal habeas corpus.") (citations omitted).

The Court recognizes it must construe Petitioner's contentions liberally.  *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) ("Prisoner pro se pleadings are given the benefit of liberal construction.").  Even so, Petitioner fails to articulate, much less explain how the state court's conclusion that Cal. Penal Code § 1016.8 was not applicable to his case was "arbitrary or capricious" such that it could potentially constitute an independent federal due process violation.  Instead, Petitioner has simply offered summary lists of United States Supreme Court, Ninth Circuit, California district court, and California state court cases under the headings "Cruel and Unusual Punishment," "Due Process" and "Equal Protection," without any accompanying explanation as to their relevance to the his situation, much less any explanation as to how the cited federal constitutional principles were violated in his own case.  (*See* ECF No. 1 at 21-23.)  Such cursory allegations are insufficient to state a federal claim of error.  *See e.g.*, *Langford*, 110 F.3d at 1389.  In any event, as discussed above, the state court determination that the state resentencing statute was not applicable to Petitioner's case is binding on this Court.  *See Bradshaw*, 546 U.S. at 76 ("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citing *McGuire*, 502 U.S. at 67–68; *Mullaney*, 421 U.S. at 691).

It also appears Petitioner seeks resentencing (along with, or as an alternative to,

remand of Petitioner's case from this Court to state court for resentencing) from this Court itself. (*See e.g.*, ECF No. 1 at 24-26, 29.) To the extent Petitioner seeks resentencing or remand for resentencing by this Court, the Court is in accord with the conclusion of other district courts in California that such a contention fails to state a federal claim for relief. *See e.g. Mills v. Marsh*, 2020 WL 1180433, at * 3 (C.D. Cal. Jan. 9, 2020) (collecting cases and recommending denial of federal petition seeking resentencing pursuant to Cal. Penal Code § 1170(d)(1) for failing to state a federal claim for relief) (citing *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.")).

Finally, Petitioner also contends his current conviction "was enhanced via a breach of duty and contract," because prior to the enactment of the Three Strikes law, he was only subject to a maximum five year penalty based on plea-bargained agreements. (ECF No. 1 at 29.) Petitioner specifically references "prior convictions" for robbery and grand theft firearm and identifies two prior robbery convictions he suffered in 1982. (*See id.* at 20, 29.)

Petitioner similarly argued in state court "that his case was enhanced based on a breach of contract of the prior plea bargains, as the Three Strikes law was not in effect when he entered into his plea agreements in the cases that constituted the felony strike priors in the present case," and there too asserted a violation of the contract clauses of both the state and federal constitutions. (ECF No. 7-6 at 2-3.) The state superior court concluded that "the fact that the sentence on [Petitioner's] current case was increased because [Petitioner] had suffered prior convictions for offenses now included within the Three Strikes law does not affect [Petitioner's] plea agreements in the prior cases," reasoning that "[t]he Three Strikes law is punishing [Petitioner] for his current conviction, not his prior convictions," and "the terms of the plea agreements in the prior cases have not been modified and there is no breach of contract." (*Id.* at 3-4.)

Given the state court's conclusion was based on its interpretation and application of state law, the matter is not cognizable on federal habeas review. *See McGuire*, 502 U.S. at

67-68; *see also Rhoades*, 611 F.3d at 1142.  The Court is bound by the state court's determination that the terms of Petitioner's prior plea agreements were not impacted by the state's implementation of the Three Strikes law, which the state court concluded punished Petitioner for his current, and not his past, convictions.  *See Bradshaw*, 546 U.S. at 76.

To the extent Petitioner attempts in the instant Petition to challenge his plea agreements resulting in one or more of his prior convictions which were later used to enhance his sentence in case number SCE 183626, such a challenge is precluded here.  As Respondent correctly observes, "inmates may not attack prior convictions that are later used to enhance sentences unless, for example, they do so on the grounds that they did not have counsel at the time of the prior conviction."  (ECF No. 7-10 at 6 (citing *Lackawanna*, 532 U.S. at 402-04).)  In *Lackawanna*, the Supreme Court instructed that: "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid," and "[i]f that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna*, 532 U.S. at 403-04 (citation omitted).

Petitioner's prior convictions are no longer open to collateral attack on federal habeas review.  While the prior convictions were used to enhance his sentence in case number SCE 183626, Petitioner is in custody pursuant to that 1998 conviction, and is not currently in custody pursuant to any of those prior convictions.  *See* 28 U.S.C. § 2254(a) ("The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (emphasis added).

Petitioner fails to allege (much less show) that either of the two exceptions recognized by *Lackawanna* applies here, and a review of the record offers no support for

the application of either exception.  First, there is no indication Petitioner was without counsel when he was convicted in the prior cases; in fact, the record reflects Petitioner was represented by counsel in each of the four prior convictions used to enhance his sentence in case number SCE183626.  (*See* CT 28-33 (1974 conviction in case number CR30651); CT 34-40 (1977 conviction in case number CR39627); CT 41-46 (1982 conviction in case number CR59776); CT 47-55 (1982 conviction in case number CR59352).); *see Lackawanna*, 532 U.S. at 404 ("When an otherwise qualified § 2254 petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate.").)  Nor does Petitioner allege, much less show, that he was prevented from pursuing or obtaining review of any of these prior convictions until the present time.  *See Lackawanna*, 532 U.S. at 406 (recognizing an exception in the situation where "a habeas petition directed at the enhanced sentence may effectively be the first and only forum available for review of the prior conviction").  As such, to the extent Petitioner is attempting in the instant federal Petition to challenge his prior convictions, such a challenge is not cognizable.  *See* 28 U.S.C. 2254(a); *see also Lackawanna*, 532 U.S. at 403-06.

Accordingly, for the reasons discussed above, the Court is persuaded Petitioner's claims fail to state a federal claim for habeas relief and **GRANTS** Respondent's motion to dismiss based on lack of cognizability.

## IV.  **CERTIFICATE OF APPEALABILITY**

A petitioner may not appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" except where "a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has further explained: "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of

appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this instance, it is evident the Court's instant ruling is procedural in nature, because the Court concludes dismissal of the Petition is warranted based on cognizability concerns prior to substantive review of Petitioner's claims.

Upon review of the standard outlined in *Slack*, the Court concludes a certificate of appealability should issue in this instance because reasonable jurists could find debatable the correctness of the Court's procedural rulings concerning cognizability. *See Slack*, 529 U.S. at 484; *see also* 28 U.S.C. § 2253(c); *see also Clayton*, 868 F.3d at 846 n.2. Accordingly, the Court **GRANTS** a certificate of appealability from its order of dismissal limited to the issue of cognizability.

## V.    CONCLUSION AND ORDER

As discussed above, the Court **DENIES** Respondent's motion to dismiss based on the statute of limitations, **GRANTS** Respondent's motion to dismiss based on lack of cognizability (ECF No. 7), and **DISMISSES** this action with prejudice.   The Court **GRANTS** a Certificate of Appealability from this order of dismissal limited to the issue of cognizability.

**IT IS SO ORDERED.**

Dated:  August 3, 2021

Honorable Todd W. Robinson
United States District Judge